```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

AROUND THE CLOCK A/C
SERVICE, LLC, a Florida
limited liability company,

       Plaintiff/Counter
       Defendant,

v.                                       Case No:   2:20-cv-304-FtM-29NPM

PROQUEST, INC., a Florida
corporation,

       Defendant/
       Counterclaimant.
_____

## OPINION AND ORDER

This matter comes before the Court on review of plaintiff's Motion for Judgment on the Pleadings (Doc. #15) as to the Counterclaim, filed on September 30, 2020. Defendant filed an Opposition (Doc. #16) on October 14, 2020, and plaintiff filed a Reply (Doc. #18) on October 21, 2020. For the reasons set forth below, the motion is granted with leave to file an amended counterclaim.

**I.**

Plaintiff Around the Clock A/C Service, LLC is a Florida limited liability company in the business of providing, *inter alia*, air conditioning installation, maintenance, and repair services. (Doc. #1, ¶¶ 4, 9.) In 2009, plaintiff adopted its "YOUR WIFE IS

HOT" trademark "to identify its installation and repair of air conditioning apparatus services," and distinguish its services from those of other providers. (Id. ¶ 10.) In 2017, plaintiff registered a trademark for the phrase with the Florida Division of Corporations. (Doc. #1-2, p. 16.)

On April 24, 2020, plaintiff filed a two-count Complaint against defendant Proquest, Inc., a Florida corporation. (Doc. #1.) The Complaint alleges defendant is infringing on plaintiff's trademark by using the phrase "Is your wife hot?" to promote its air conditioning services. (Id. ¶¶ 21-24.) Plaintiff asserts claims for (1) false designation of origin in violation of 15 U.S.C. § 1125, and (2) trademark infringement in violation of section 495.131, Florida Statutes. (Id. pp. 8-10).

On June 10, 2020, defendant filed its Answer to Complaint, Affirmative Defenses, Counterclaim and Jury Demand. (Doc. #6.) Defendant generally denied the allegations in the Complaint, and raised eleven affirmative defenses. Defendant also set forth a Counterclaim which alleged plaintiff obtained its Florida trademark by fraud in violation of section 495.121, Florida Statutes. (Id. pp. 7-11.) The Counterclaim alleges that in applying for the trademark, plaintiff's owner and representative declared that to the best of his knowledge, "no other person except a related company has registered this mark in this state or has the right to use such mark in Florida." (Id. p. 10.) The

Counterclaim further alleges this was a fraudulent representation because at the time of the application a Texas corporation had a federal trademark registration for YOUR WIFE IS HOT. (Id. p. 11; Doc. #6-1, p. 14.)  A copy of the Texas corporation's federal trademark, indicating the phrase was registered in October 2015, was attached as an exhibit to the Answer.  (Doc. #6-1, p. 14.) The Counterclaim asserts that because the Florida trademark was registered using a material misrepresentation, it was fraudulently procured in violation of section 495.121, Florida Statutes.  (Doc. #6, p. 11.)

On July 1, 2020, plaintiff filed an Answer to Counterclaim. (Doc. #7.)  The Answer to Counterclaim acknowledged plaintiff had notice of the federal trademark, but asserted the trademark was dated years after plaintiff began using YOUR WIFE IS HOT in Florida and that it related to activity outside of Florida.  (Id. p. 2.) Plaintiff continued to assert that it was the only person with the right to use the phrase in Florida and that there was no misrepresentation in the Florida application process.  (Id. pp. 2-3.)

Plaintiff now argues the Court should grant it judgment on the pleadings with regards to the section 495.121 Counterclaim because (1) defendant has failed to allege sufficient facts to state a claim, and (2) the exhibits attached to the pleadings establish that the claim fails as a matter of law.  (Id. pp. 4-

7.) Since the Court agrees with the first argument, it is unnecessary to address the second at this time.

**II.**

**A. Legal Standard**

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998) (citations omitted). When reviewing a motion for judgment on the pleadings, the court must view the facts in a light most favorable to the nonmoving party. Id. at 1370. A judgment on the pleadings can be granted only if the nonmoving party can prove no set of facts which would allow it to prevail. Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc., 404 F.3d 1297, 1303 (11th Cir. 2005) (citations omitted).

**B. Analysis**

Defendant argues that because plaintiff had actual and constructive notice of the Texas corporation's 2015 federal trademark for YOUR WIFE IS HOT, a material misrepresentation was made when plaintiff's owner declared that no other person had the right to use the trademark in Florida. Thus, the Counterclaim

4

alleges, plaintiff's registration of the trademark in Florida was obtained in violation of section 495.121, Florida Statutes. This statute provides:

> Any person who shall for herself or himself, or on behalf of any other person, procure the filing or registration of any mark with the Department of State under the provisions hereof, by knowingly making any false or fraudulent representation or declaration, verbally or in writing, or by any other fraudulent means, shall be liable to pay all damages sustained in consequence of such filing or registration, and for punitive or exemplary damages, to be recovered by or on behalf of the party injured thereby in any court of competent jurisdiction.

§ 495.121, Fla. Stat.

Plaintiff responds that defendant's Counterclaim fails to state a claim because it fails to allege that Florida's Division of Corporations "reasonably relied [on] an alleged misrepresentation by Plaintiff in issuing Plaintiff's trademark registration." (Doc. #15, p. 5.) The Counterclaim fails to include any reasonable reliance language, and therefore the Court first must determine whether reasonable reliance is an element of a section 495.121 claim.

Nothing in section 495.121, Florida Statutes, expressly requires reasonable reliance by the Florida Department of State, and there does not appear to be any Florida appellate authority describing the elements of such a cause of action. However, section 495.121 is substantially similar to section 1120 of the federal Lanham Trademark Act, which provides:

5

> Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof.

15 U.S.C. § 1120. To properly allege fraud in the procurement of a federal trademark under this provision, a plaintiff must plead, *inter alia*, reasonable reliance on the misrepresentation. <u>United Phosphorus, Ltd. v. Midland Fumigant, Inc.</u>, 205 F.3d 1219, 1226 (10th Cir. 2000) (citation omitted); <u>Silva v. Swift</u>, 2017 WL 9249214, *5 (M.D. Fla. Dec. 12, 2017) (citation omitted). The Florida Legislature has stated:

> The intent of this chapter is to provide a system of state trademark registration and protection substantially consistent with the federal system of trademark registration and protection under the Trademark Act of 1946, as amended. To that end, the construction given the federal act should be examined as persuasive authority for interpreting and construing this chapter.

§ 495.181, Fla. Stat. Given the similarity of the statutes and the absence of contrary authority, the Court finds that a third party must allege, and ultimately prove, reasonable reliance on the misrepresentation in order to establish a claim under section 495.121, Florida Statutes.

Having determined that reasonable reliance is an element of a section 495.121 claim, the Court turns to plaintiff's argument that the Counterclaim fails to sufficiently allege Florida's

6

Division of Corporations reasonably relied on any alleged misrepresentation. (Doc. #15, pp. 4-5.)

In the Counterclaim, defendant alleges "[u]pon information and belief" that plaintiff had actual notice of the Texas corporation's federal registration, and nonetheless declared in the Florida trademark application that no other "person" had the right to use the trademark in Florida. (Doc. #6, pp. 10-11.) As such, defendant alleges plaintiff "obtained its Florida trademark registration as a result of a material and fraudulent representation to [the] Registration Section of the Division of Corporations." (Id. p. 11.) Because a section 495.121 claim is premised upon fraud, the heightened pleading standard of Rule 9(b) applies. Mandala v. Tire Stickers, LLC, 19-14416, 2020 WL 5814496, *4 (11th Cir. Sept. 30, 2020).

The Court finds that the Counterclaim fails to allege the Division of Corporations reasonably relied upon plaintiff's alleged misrepresentation, and therefore the claim is insufficiently pled under Rule 9(b). Premier Organics, Inc. v. Blue Mountain Organics, 2009 WL 10701235, *4 (N.D. Ca. Nov. 13, 2009) ("[D]efendant has not alleged that the PTO relied on the false representations in awarding the trademark registration and that damages resulted from the fraudulent registration. Defendant therefore has not sufficiently pled fraudulent procurement of a trademark with the required particularity under FRCP 9(b) because

7

all of the required factors are not properly alleged."). Because defendant's section 495.121 claim is insufficiently pled, it must be dismissed.[1]  Defendant will be given the opportunity to correct this pleading defect, if it is able to do so.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Judgment on the Pleadings (Doc. #15) is **GRANTED**.

2. Defendant's Answer to Complaint, Affirmative Defenses, Counterclaim and Jury Demand (Doc. #6) is **dismissed without prejudice** to filing an amended counterclaim within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___26th___ day of October, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

---

[1] The Court's determination that the Counterclaim is insufficiently pled and must be dismissed moots plaintiff's alternative argument that an exhibit to the pleadings conclusively refutes any reasonable reliance allegation. (Doc. #6, pp. 5-7.) However, plaintiff may re-raise this issue if defendant files an amended section 495.121 claim that otherwise meets the relevant pleading requirements.